IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALEXANDER WILLIAMS, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 16-cv-02896-SHM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

**ORDER**

Before the Court is Petitioner Alexander Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on November 10, 2016. (ECF No. 1 ("§ 2255 Mot.").) The Government filed a response to the § 2255 Motion on February 14, 2017. (Resp. of Gov't to Pet'r's Mot. Pursuant to 28 U.S.C. § 2255, ECF No. 6 ("§ 2255 Resp.").) Williams has not filed a reply in support of the § 2255 Motion, and the deadline for doing so has passed. (Order Directing Gov't to Respond, ECF No. 5 ("February 2017 Order") (setting 14-day reply deadline).) For the reasons described below, the § 2255 Motion is DENIED.

**I. BACKGROUND**

On December 5, 2013, a federal grand jury in the Western District of Tennessee returned an indictment against Williams.

(Indictment, ECF No. 3 in 13-20357.[1])  Count 1 of the indictment charged Williams with robbing a fast-food store on or about August 23, 2013, in violation of 18 U.S.C. § 1951.  (Id. at 1.)  Count 2 charged Williams with committing a "crime of violence" while "knowingly us[ing], carry[ing], and brandish[ing] a firearm," in violation of 18 U.S.C. § 924(c).  (Id. at 2.)  The underlying crime of violence was the robbery alleged in Count 1.  (Id.)  Count 3 charged Williams with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g).  (Id.)

On March 18, 2015, Williams pled guilty to Counts 1 and 2 of the indictment.  (See, e.g., Plea Agreement 1, ECF No. 36 ("Plea Agreement").[2])

Before sentencing, the U.S. Probation Office prepared a Presentence Investigation Report.  (PSR in 13-20357 ("PSR").)  The PSR calculated Williams's guidelines-sentencing range based on the 2014 edition of the U.S. Sentencing Commission Guidelines Manual ("U.S.S.G.").  (Id. ¶ 14.)

Williams's total offense level for Count 1 was 19.  (Id. ¶ 24.)  His total criminal-history score was 9, resulting in a

---

[1] References to "13-20357" are to filings in United States v. Williams, No. 2:13-20357-SHM (W.D. Tenn.).

[2] The Government stated in Williams's Plea Agreement that it would move to dismiss Count 3.  (Plea Agreement 1.)  Count 3 was dismissed at Williams's sentencing.  (See, e.g., J. in a Criminal Case 1, ECF No. 43 in 13-20357 ("J. in Criminal Case").)

criminal-history category IV. (Id. ¶ 36.) Based on the total offense level and the criminal-history category, Williams's recommended guidelines-sentencing range for Count 1 was 46 to 57 months. (Id. ¶ 72.)

As to Count 2, the PSR concluded that, under U.S.S.G. § 2K2.4, "if the defendant is convicted of violating [18 U.S.C. § 924(c)], the guideline range is the minimum term of imprisonment required by statute, which is seven years in this case." (Id. ¶ 25 (emphasis removed) (citing U.S.S.G. § 2K2.4).) The PSR also concluded that the Count 2 imprisonment term must be imposed consecutively to the Count 1 imprisonment term. (Id. ¶¶ 70-71; cf. 18 U.S.C. § 924(c)(1)(A).) The result was a combined sentencing-guidelines range of 130 to 141 months. (Id. at Sentencing Recommendation.)

Williams had "no objections to the [PSR's] guidelines calculations." (Position of Def. with Respect to Sentencing Factors ¶ 2, ECF No. 39 in 13-20357.)

Williams was sentenced on July 1, 2015. (Minute Entry, ECF No. 41 in 13-20357.) The Court adopted the PSR's guidelines calculations without objection. The Court sentenced Williams to 46 months on Count 1 and 84 months on Count 2, "to be served consecutively," for a total prison term of 130 months, the low end of the guidelines range. (J. in Criminal Case 2.) Williams did not appeal his conviction or his sentence.

Williams filed the § 2255 Motion on November 10, 2016. (§ 2255 Mot.) On February 7, 2017, the Court ordered the Government to respond to the § 2255 Motion. (February 2017 Order.) The Government filed its response on February 14, 2017. (§ 2255 Resp.)

## II. STANDARD OF REVIEW FOR § 2255 MOTIONS

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (quoting Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003)).

A prisoner must file his § 2255 motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

After a § 2255 motion has been filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings for the United States District Courts at Rule 4(b) ("§ 2255 Rules").

### III. ANALYSIS

#### A. Basis for Examining Merits of Johnson Challenge

The § 2255 Motion's sole basis is that Williams's "crime of violence enhancement was in error." (§ 2255 Mot. at PageID 5; see also id. at PageID 7-9 (no additional grounds for § 2255 Mo-

tion).) The gravamen of Williams's argument is that, following Johnson v. United States, 135 S. Ct. 2551 (2015), Williams's violation of 18 U.S.C. § 1951 is not a "crime of violence." (Mem. in Supp. of Pet'r's Mot. to Correct Pursuant to 28 U.S.C. § 2255 at PageID 16-21, ECF No. 1-1 ("Mem. ISO § 2255 Mot.").) Violating 18 U.S.C. § 924(c) requires an underlying crime of violence. If William's § 1951 violation was not a crime of violence, his sentence for violating 18 U.S.C. § 924(c) was erroneous. (See generally id.[3])

Williams filed his § 2255 Motion on November 10, 2016. (§ 2255 Mot. 1.) He does not contend that the § 2255 Motion is timely under § 2255(f)(2) or § 2255(f)(4).[4] If the Motion is timely, it must be timely under § 2255(f)(1) or § 2255(f)(3).

The § 2255 Motion is not timely under 2255(f)(1). The Court entered Williams's judgment of conviction on July 1, 2015. Williams did not appeal his conviction or his sentence. "[W]hen a federal criminal defendant does not appeal to the court of ap-

---

[3] Williams refers to his challenge as one to a "crime of violence enhancement." (Mem. ISO § 2255 Mot. at PageID 16; see also id. at PageID 18-21.) The structure of his argument is better described not as challenging a sentencing enhancement, but as challenging his § 924(c) conviction. The Court construes Williams's argument to be that his § 924(c) conviction was in error.

[4] Williams cites § 2255(f)(2) and § 2255(f)(4). (§ 2255 Mot. at PageID 13.) He does not argue, however, that government action impeded his ability to file the § 2255 Motion or that new "facts supporting the claim or claims presented" arose that justified filing the § 2255 Motion in November 2016.

6

peals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals . . . ." Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004); see also United States v. Sferrazza, 645 F. App'x 399, 406-08 (6th Cir. 2016) (discussing Sanchez-Castellano). That period is fourteen days. See Fed. R. App. P. 4(b)(1)(A). Williams's judgment of conviction became final on July 15, 2015. Williams did not file the § 2255 Motion within one year of that date. The § 2255 Motion is not timely under § 2255(f)(1).

Williams contends that his § 2255 Motion is timely under § 2255(f)(3) because (1) his argument relies on Mathis v. United States, 136 S. Ct. 193 (2016); (2) Mathis applies retroactively to cases on collateral review; and (3) Williams filed the § 2255 Motion within one year of the Mathis decision.

Williams did file the § 2255 Motion within one year of Mathis. Mathis was decided on June 23, 2016, and Williams filed the § 2255 Motion on November 10, 2016. It is nevertheless unclear whether Williams's argument actually relies on Mathis, as opposed to earlier Supreme Court decisions such as Johnson. (See generally Mem. ISO § 2255 Mot.) Even if the § 2255 Motion relies on Mathis, it is unclear whether Mathis applies retroactively to cases on collateral review. See, e.g., Moore v. United States, No. 2:11-CR-173(2), 2016 WL 6561304, at *3 (S.D. Ohio

7

Nov. 4, 2016) ("Petitioner refers to no case holding that Mathis is to be applied retroactively to cases on collateral review and many courts have reached the contrary conclusion.") (citing cases); but see United States v. Potter, No. CR 7:03-21-DCR, 2016 WL 6134533, at *2 (E.D. Ky. Oct. 20, 2016) ("Mathis, as a clarification of existing law, applies retroactively on direct appeal and collateral review."). Williams's § 2255 Motion may be untimely under § 2255(f)(3).

"We need not address these concerns, however, because the one-year statute of limitations for filing a motion under § 2255 is not jurisdictional." Pough v. United States, 442 F.3d 959, 965 (6th Cir. 2006) (citing cases). Where the merits of a petitioner's case are straightforward and "also result in the denial of his motion," a court may proceed to the merits without resolving timeliness issues. Id.; see also Adams v. Leibach, No. 2:13-CV-02331-STA-DKV, 2016 WL 5396698, at *3 n.4 (W.D. Tenn. Sept. 27, 2016) (citing Pough). The Court will consider the merits of the § 2255 Motion.

B. **Application of Johnson to § 924(c)**

Williams was indicted -- and pled guilty to -- a violation of 18 U.S.C. § 924(c). Section 924(c)(1)(A) makes it a crime for an individual to use or carry a firearm "in relation to any crime of violence," or to possess a firearm while "in furtherance of any such crime." Section 924(c)(3) defines

8

"crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The second quoted component is § 924(c)(3)'s "residual clause."

In Johnson, the Supreme Court addressed a different residual clause -- the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA").  135 S. Ct. at 2563.  The ACCA mandates a fifteen-year sentence for a defendant who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves the use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another."  Id. § 924(e)(2)(B).  The third quoted component is the ACCA's "residual clause."

Johnson held that imposing an increased sentence under the ACCA's residual clause violates due process. 135 S. Ct. at 2563. In Welch v. United States, the Supreme Court held that Johnson applies retroactively to ACCA cases on collateral review. 136 S. Ct. 1257, 1268 (2016); see also In re Watkins, 810 F.3d 375, 383-84 (6th Cir. 2015). The Sixth Circuit has decided that Johnson invalidated the identically worded residual clause in the "crime of violence" definition in U.S.S.G. § 4B1.2. See, e.g., United States v. Pawlak, 822 F.3d 902, 911 (6th Cir. 2016) (concluding that the "rationale of Johnson applies equally" to the U.S.S.G.'s crime-of-violence definition).

Williams's challenge is not based on the ACCA's residual clause or the residual clause in U.S.S.G. § 4B1.2's crime-of-violence definition. His challenge is based on the § 924(c)(3) residual clause. As the Government notes (see § 2255 Resp. 2-4), that challenge must fail because binding Sixth Circuit precedent holds that Johnson does not apply to the § 924(c)(3) residual clause. United States v. Taylor, 814 F.3d 340, 376-79 (6th Cir. 2016). The Sixth Circuit has explained as follows:

> [S]everal factors distinguish the ACCA residual clause from § 924(c)(3)(B). First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the

10

> clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion [in Johnson] only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its [Johnson] holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

Id. at 376.

Williams also argues that a conviction under 18 U.S.C. § 1951 cannot qualify as a crime of violence under the use-of-force clause at § 924(c)(3). (See, e.g., Mem. ISO § 2255 Mot. at PageID 16-18.) The Court need not address that argument. Williams does not dispute that his § 1951 conviction qualified as a crime of violence under § 924(c)(3)'s residual clause. Under binding Sixth Circuit precedent, § 924(c)(3)'s residual clause is valid.

## IV. APPEAL

Under 28 U.S.C. § 2253(c)(2), a district court must evaluate the appealability of its decision denying a § 2255 motion and issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, Williams is not entitled to relief. He cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a COA.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). To appeal in forma pauperis in a § 2255 case, and avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Id. at

952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, because Williams is clearly not entitled to relief, the Court denies a COA. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[5]

## V. CONCLUSION

For the foregoing reasons, the § 2255 Motion is DENIED.

So ordered this 1st day of May, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[5] If Williams files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the U.S. Court of Appeals for the Sixth Circuit within 30 days.